# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE SHAIVITE TEMPLE | ) | |
| REV. RYAN SASHA-SHAI VAN KUSH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV-19-1169-R |
| | ) | |
| 10TH CIRCUIT EXECUTIVE/ | ) | |
| ADMINISTRATIVE OFFICE OF | ) | |
| THE JUDGES, GORDON P. | ) | |
| GALLAGHER, | ) | |
| LEWIS BABCOCK, and US COURTS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, appearing *pro se*, brings this action on behalf of himself and the Shaivite Temple against the Tenth Circuit Executive/Administrative Office of the Judges, Magistrate Judge Gordon P. Gallagher, who presides over cases in the District of Colorado, Judge Lewis Babcock, a Senior District Judge in the District of Colorado, and the United States Courts. Although the Complaint does not comply with the Federal Rules of Civil Procedures in many respects, and although Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis*, the Court finds that transfer of this action to the District of Colorado is appropriate.

Plaintiff alleges violations of the Federal Tort Claims Act ("FTCA"), the Administrative Procedures Act ("APA"), and the United States Constitution. Under the FTCA's venue provision, FTCA claims against the United States "may be prosecuted only in the judicial district in which the plaintiff resides or wherein the act or omissions

complained of occurred." 28 U.S.C. § 1402(b). According to his Complaint, Plaintiff Van Kush resides in Denver, Colorado, which is in the District of Colorado. The Temple similarly has a Denver address. The allegations in the Complaint stem from unsuccessful litigation and judicial complaints in that same district. Accordingly, venue is not proper for Plaintiff's FTCA claim in this Court but rather lies in the District of Colorado.[1]

To the extent Plaintiff is attempting to allege a claim under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), venue is also improper in this Court. The general venue statute applicable to Bivens actions is Title 28 U.S.C. § 1391, which includes the following at subsection (b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

None of these is applicable here nor are the provisions of § 1391(e) which contain similar provisions for venue in actions against officers or employees of the United States. This District has no connection to Plaintiff's complaints, other than the fact that it is also within the Tenth Circuit Court of Appeals.[2] Venue for this action lies in the District of Colorado, and this action is transferred to the United States District Court for the District of Colorado.

---

[1] Moreover, it appears that Plaintiff's FTCA and APA claims cannot proceed against any of the named Defendants. The only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a), (b)(1). And the only proper defendant in an APA action is the agency—the federal courts are excluded from the APA, 5 U.S.C. § 551(1), and the Act does not provide for individual capacity claims. 5 U.S.C. § 703.
[2] The Court makes no findings concerning whether Plaintiff's *Bivens* claim can proceed against any of the named Defendants.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to transfer this action as indicated above. The issue of the filing fee may be addressed by the District of Colorado.[3] The action in this Court will be CLOSED.

**IT IS SO ORDERED** this 31st day of December 2019.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] It appears from review of PACER Case Locator that Plaintiff is a frequent filer and likely filed this action here because of filing restrictions imposed on November 9, 2018 by the District of Colorado in Case No. 18-2505-LTB.